IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NICHOLAS CORNELIOUS BROWN,**

    **Plaintiff,**

v.

**CORRECTIONAL OFFICER DUKE,**

    **Defendants.**

Case No. 25-cv-705-RJD

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Nicholas Cornelious Brown, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On April 24, 2025, Brown filed a Complaint alleging that Correctional Officer ("C/O") Duke failed to protect him from a gang attack (Doc. 1). On August 30, 2025, Brown filed an Amended Complaint which appears to be identical to his original pleading (Doc. 8).

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

---

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

On July 14, 2024, Brown reported to C/O Duke that there were multiple threats on his life from the gang Vice Lord Nation (Doc. 8, p. 5). Members of the gang wanted him to attack a staff member, but Brown indicated that he was done with the gang life and would not participate in the attack (*Id*. at pp. 5-6). In response, he started receiving threats from gang members (*Id*.). Brown asked C/O Duke to check him into protective custody, but Duke merely responded that he would look into the matter (*Id*. at p. 5). Brown alleges that Duke did not look into the matter and for the next two weeks, Brown remained inside his cell in order to protect himself (*Id*. at p. 6).

At some point, Brown again spoke to Duke and informed him that his life was in danger and the situation was getting out of hand (Doc. 8, p. 6). Duke indicated that he would obtain a sign-in sheet for protective custody but failed to return with the sheet (*Id*.). On July 29, 2024, Brown was attacked in his sleep by his cellmate. On August 1, 2024, Brown was forced to the yard where he was again attacked about another member of the Vice Lord Nation (*Id*.). As a result of the attack, officers Aaron J. Taylor and Evans pepper sprayed Brown, even though Brown yelled that he was the victim of the attack (*Id*. at pp. 6-7). Brown was taken to the hospital and received multiple stitches for a wound to his mouth (*Id*. at p. 7).

When Brown returned to Menard, he was placed in the segregation unit (Doc. 8, p. 7). Brown filed numerous grievances about Duke's actions but alleges that several counselors refused to properly process his grievances (*Id*. at pp. 7-8).

### Preliminary Dismissals

In his statement of claim, Brown alleges that Aaron J. Taylor and Evans improperly sprayed him with pepper spray (Doc. 8, pp. 6-7). Although he refers to these individuals as defendants, he fails to identify these officers as defendants in the case caption. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Thus, any claim against them is **DISMISSED without prejudice**. Brown also refers to numerous counselors who he alleges failed to properly process his grievances. These individuals are also not identified as defendants. Further, the simple denial or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, any claim against grievance officials for mishandling his grievances is **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment failure to protect claim against C/O Duke for failing to place Brown into protective custody or further investigate the threats against him.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Brown states a viable claim against C/O Duke for his failure to protect Brown from a gang attack. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Thus, Count 1 shall proceed against C/O Duke.

### Motion for Counsel

With his original Complaint, Brown filed a motion for counsel (Doc. 3). He notes that he is a high school graduate but is unfamiliar with legal matters. But given the early stage of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[3] Defendant has not been served or filed an Answer. Once Defendant has been served and filed his Answer, the Court will enter a scheduling order setting forth the next steps in the litigation process. If Brown experiences difficulties in litigating the case at that point, he may submit another request for counsel. At this time, his motion is **DENIED without prejudice**.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons stated above, Count 1 shall proceed against C/O Duke. All other potential claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for C/O Duke: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Brown. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Brown, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Brown, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Brown is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 3, 2025.**

*/s/ Reona J. Daly*
REONA J. DALY
U.S. Magistrate Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**