IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NICHOLAS C. BROWN, R74934<br><br>Plaintiff,<br><br>v.<br><br>JEREMY DUKE,<br><br>Defendant. | ) | Case No. 25-cv-705-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center ("Menard"), filed this lawsuit pursuant to 42 U.S.C. §1983. Docs. 1, 6. He alleges that Defendant Duke (a correctional officer) failed to protect him from a gang attack that occurred on August 1, 2024. Doc. 8, p. 6. This matter comes before the Court on Defendant's Motion for Summary Judgment for the failure to exhaust administrative remedies. Doc. 28. Plaintiff did not file a Response. As explained further, Defendant's Motion is GRANTED.

**Exhaustion Requirements**

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing a lawsuit in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit,

[reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If more than sixty days has passed since the discovery of the incident or problem, the grievance will still be considered if the inmate can demonstrate good cause for the lapse of time. *Id*. §504.810(a).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

**Plaintiff's Grievance Records**

On August 15, 2024, Plaintiff submitted a grievance at Menard that said he needed "a single

man cell" because he came close to killing his last cell mate in a fist fight. Doc. 29-3, p. 2. On August 20, 2024, Plaintiff's counselor responded "[y]ou are currently housed in restrictive housing. As such all cells are single celled. Grievance is MOOT." *Id.*, p. 8. Plaintiff then submitted the grievance to the grievance officer, who recommended denying it. *Id.*, p. 1. The CAO concurred on September 12, 2024. *Id.*

On December 3, 2024, Plaintiff submitted a grievance in which he explained that prior to the attack on August 1, 2024, he had told Defendant Duke twice about receiving death threats. Doc. 29-4, p. 1. He requested "for staff conduct to do a better job" and "Officer Duke to be fired." *Id.* Plaintiff's counselor received the grievance on 12/4/2024 and responded that the grievance was "out of time frame." *Id.* Plaintiff submitted the grievance to the grievance officer on December 12, 2024 with a note that stated "after the incident I was placed in segregation where I tried multiple times to file this…grievance….for some reason it was not getting submitted [to] the counselor." Id., p. 3. The grievance officer recommended that the grievance be denied because it was out of time frame and the CAO concurred. *Id.*

On December 10, 2024, Plaintiff submitted another grievance that included his conversations with Defendant Duke regarding threats he had received and that he was attacked on August 1, 2024; Plaintiff also wrote that he had "filed this same grievance multiple time[s]" but it "ke[pt] getting denied." Doc. 29-8, p. 3-4. He requested "to be protected and transferred to another prison due to my life and safety being in jeopardy here in Menard…I would also like better staff conduct inside the east cell house. *Id.*, p. 3. The counselor responded that "I have been assured that all procedures are adhered to at all times. Individuals in custody safety [sic] is of most importance, and the staff has assured me that [the safety of] each individual who resides in the East House [] is of [utmost] importance." *Id.*, p. 5. Because the counselor was "assured that

standard of conduct and all cell house procedures are adhered to at all times, I am denying requested relief." *Id*., p. 5.

After receiving his counselor's response, Plaintiff sent the 12/10/2024 grievance to the grievance officer who noted that the grievance was filed more than sixty days after the events in question occurred. *Id*., p. 2. The grievance officer also stated that Plaintiff could not request a transfer because he was currently classified as "maximum security level" and also noted that he had been in protective custody intake status from 12/5/2024 through 1/3/2025, and then had been in protective custody since 1/3/2025. *Id*., p. 2. The grievance officer recommended denying the grievance and the CAO concurred on 2/11/2025. *Id*., p. 2. Plaintiff sent the grievance to the ARB with a note that said "Dear ARB, I received my response from the grievance officer...and I want to exhaust my administrative remedies as I would like Springfield to know that in no form [sic] was the offer of protective custody made by Menard Administration at that time." Id., p. 6. The ARB returned the grievance to Plaintiff with no decision on the merits of the grievance, noting that it had been submitted more than sixty days after August 1, 2024. Id., p. 1.

**Discussion**

Failure to exhaust administrative remedies is an affirmative defense for which Defendants bear the burden "of proving 'that an administrative remedy was available'" to Plaintiff and that he failed to exhaust that it. *Crouch v. Brown*, 27 F. 4th 1315, 1320 (7th Cir. 2022) (*quoting Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015)). Defendants have established that, prior to filing suit, Plaintiff did not fully exhaust the grievances regarding the July and August 2024 events. Absent a genuine issue of material fact as to whether the grievance process was available to Plaintiff, this case must be dismissed.

Plaintiff is pro se and therefore was entitled to notice regarding the consequences of failing to respond to a Motion for Summary Judgment. S.D. Ill. L.R. 56.1(j); *Timms v. Frank*, 953 F.2d281 (7th Cir. 1991). Defense counsel provided that notice to Plaintiff. Doc. 30. Plaintiff nonetheless failed to file a response, nor has he filed any other type of document with this Court since Defendant's motion was filed more than 11 months ago.

Defendant's motion reflects that Plaintiff did not submit any grievances regarding Defendant Duke and/or the gang attack within sixty days of the gang attack (August 1, 2024). In his Motion, Defendant's #8 Statement of Material Fact concludes that Plaintiff submitted one grievance at Menard within sixty days of August 1, 2024. That grievance did not mention Defendant Duke, nor did it reference the gang attack or even that Plaintiff had warned any staff members at Menard regarding the danger that he believed he faced prior to the attack. Plaintiff did not file specifically dispute Statement #8 (because he did not file any type of response to the motion) and therefore it must be deemed admitted, pursuant to Local Rule 56.1(g). Plaintiff was specifically warned of Local Rule 56.1(g) in the notice sent to him by defense counsel. Doc. 30, p. 1.

The Court must consider whether the grievance process was available to Plaintiff during the pertinent time frame, and the record reflects that it was. Fourteen days after the gang attack, Plaintiff submitted a grievance to his counselor regarding placement in a single cell that was ultimately reviewed by the grievance officer and the CAO by September 12, 2024. The Court acknowledges Plaintiff's statements in his December 2024 grievances that mention Defendant Duke and also include statements that Plaintiff had previously attempted to submit grievances regarding Defendant Duke "but for some reason it was not getting submitted [to] the counselor" and also "ke[pt] getting denied." These statements-that the purportedly attempted grievances

were simultaneously denied yet never received by the counselor-are not sufficient to create a genuine issue of material fact regarding whether the grievance process was available to Plaintiff prior to October 1, 2024 (sixty days after the gang attack). Regardless of the questionable credibility of these statements, the record contains no indication that the purportedly missing grievances were submitted prior to October 1, 2024 (and then either denied or never sent to the counselor). As explained above, Defendant's Statement of Material Fact #8 is deemed admitted-that Plaintiff did *not* submit any grievances within sixty days of August 1, 2024.

Finally, the Court considered whether prison officials provided a substantive response to Plaintiff's December 10, 2024 grievance. Plaintiff's failure to timely submit a grievance only amounts to a failure to exhaust if "prison administrators explicitly relied on that shortcoming." *Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011) (internal citations and quotations omitted). If the grievance "serve[s] its function by providing prison officials a fair opportunity to address" Plaintiff's complaint and the prison officials actually address the complaint, then any procedural missteps by Plaintiff will not be a basis for dismissal in this Court. *Id.*

Plaintiff's December 10, 2024 grievance mentions his alleged conversations with Defendant Duke and then informs prison officials that (approximately five months after those conversations) Plaintiff wanted to be transferred to another prison because he did not feel safe at Menard. The counselor responded to Plaintiff that that he/she was assured by prison staff that Plaintiff was safe in his current cell. The grievance officer then denied the grievance and noted that grievances must be submitted within sixty days of the incident in question, but also noted that Plaintiff was currently considered maximum security level and therefore could not request a transfer, but was nonetheless in protective custody. It is clear from the responses by the counselor and grievance officer (and then concurrence by the CAO) that while they addressed whether

Plaintiff was safe at Menard in December 2024, they considered his complaints regarding Defendant Duke in July 2024 to be out of time. No investigation was performed by the counselor or the grievance officer regarding Defendant Duke, and the CAO did not reach a decision as to whether Plaintiff's complaints regarding Defendant Duke were valid. The ARB then refused to consider the appeal, noting that it was submitted at the prison out of time. The Court is therefore satisfied that prison officials relied on the tardiness of December 10, 2024 in their refusal to consider Defendant Duke's alleged inactions.

Overall, the record reflects that within sixty days of the gang attack, Plaintiff only submitted one grievance. It did not mention Defendant Duke or Plaintiff's claim in this case. The grievances that Plaintiff submitted regarding Defendant Duke were submitted after the sixty day deadline and therefore not fully exhausted. Because Plaintiff failed to exhaust his administrative remedies regarding his claim against Defendant Duke, Defendant's Motion for Summary Judgment (Doc. 28) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 30, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**